Eastern District,
June 1831.

HARTY ET AL.
vs.
HARTY ET AL.

HARTY ET AL. vs. HARTY ET AL.

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

If minors property has been sold contrary to law, their mortgage on it will take precedence of the liens which the purchasers may have subjected it to in their hands.

The facts are stated in the opinion of the court delivered by

*Porter, J.*

The house and lot, which had been adjudicated to the mother of the petitioners, was by a judgment of this court, declared to still belong to the heirs of Simon Harty, the alienation having been made contrary to law, and void. See 8 N. S. 508.

While in possession of the mother, and in that of one of her sons, to whom she conveyed, mortgages were given to several persons, and to the Bank of Louisiana.

The court ordered there mortgages to be erased, and directed the proceeds to be brought into court for distribution.

The plaintiffs claim their share in the proceeds of the sale, as heirs of Simon Harty; and they also assert, that they have a mortgage on the balance of the proceeds, for any moneys which may be due to them by their mother, on the general account rendered by her as tutrix.

This pretension is well founded, in relation to all the plaintiffs, for the general mortgage, which the law grants them on the property administered by their tutrix:—and it is equally correct, as to the demand of two of them, for their share of the proceeds of the house and lot, as part owners thereof. But in regard to one of them, Artemise, she having confirmed the alienation made by her mother, cannot now demand any portion of the proceeds. Her right has been examined at length in the case just decided.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates, of the city and parish of New Orleans, be annulled, avoided and reversed, and it is further ordered, that out of the net proceeds of the sale of the lot

The universal legatee, who after taking possession of the estate, and paying the debts of it, is credited by two thirds of the succession, only loses one third of the debts due to him, or by him paid. The confusion which existed while he represented the whole estate, ceases with the eviction of a part of it.

and buildings belonging to the estate of the late Simon Harty, amounting to the sum of twelve thousand five hundred and forty-three dollars, fifty-three cents, Philip Harty and Adele Harty, wife of Isaac Lambert, be paid by privilege and preference to any other creditors, each the sum of one thousand eight hundred and eighty-one dollars, fifty-three cents; making for both, a sum of three thousand seven hundred and sixty-three dollars, sixty cents, for their respective shares in the said sum, as the lawful heirs of the said Simon Harty, their father, and that the balance of the said net proceeds, amounting to a sum of eight thousand seven hundred and eighty dollars and forty seven cents, as accruing to the widow Harty, shall remain subject to the further order of the court below, as affected to the tacit mortgage which the plaintiffs had on the property of the said widow Harty, until the balance of the account be rendered to them by the said widow Harty, as having been their guardian, be finally settled. Costs to be paid out of the money deposited in the court below.